Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000919
07-OCT-2014
08:00 AM

NO. CAAP-14-0000919

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARILYN H. MITCHELL, Individually and
as Personal Representative of the
ESTATE OF GILBERT MINORU SUGAI, Deceased, ANNA SUGAI,
DON P. SUGAI, and DIANA SUGAI, Plaintiffs-Appellees,
v.
AURORA C. MARIANI, M.D.,
Defendant/Cross-Claim Plaintiff/Appellant,
and
WAHIAWA GENERAL HOSPITAL,
WAHIAWA NURSING AND REHABILITATION CENTER,
Defendants/Cross-Claim Defendants/Appellees,
and
BARON C.K.W. WONG, M.D., Defendant-Appellee,
and
DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2190-08)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of Plaintiff-Appellee's Statement

Contesting Jurisdiction, and the record on appeal, it appears

that we lack appellate jurisdiction over Defendant/Cross-Claim

Plaintiff/Appellant Aurora C. Mariani, M.D.'s (Dr. Mariani),

appeal from the Honorable Karen T. Nakasone's May 15, 2014 "Order

Granting Plaintiffs' Motion for Reconsideration of Order Granting

Defendant Aurora C. Mariani, M.D.'s Motion to Dismiss Complaint

Filed August 16, 2012, Filed on October 17, 2013, Filed on December 26, 2013, Filed on 1/23/14" (hereinafter the May 15, 2014 interlocutory order). We conclude that Dr. Mariani's appeal is untimely because she did not file her July 2, 2014 notice of appeal within thirty days after entry of the May 15, 2014 interlocutory order, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) required for a timely appeal.

Hawaii Revised Statutes (HRS) § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. No final judgment, order, or decree has been entered by the circuit court in this case.

Dr. Mariani has attempted to assert an interlocutory appeal from the May 15, 2014 interlocutory order pursuant to HRS § 641-1(b) (1993 & Supp. 2013), which provides:

> (b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

The circuit court granted Dr. Mariani permission by way of the circuit court's June 27, 2014 order granting Appellant Dr. Mariani's May 21, 2014 motion for permission to assert an interlocutory appeal from the May 15, 2014 interlocutory order.

Nevertheless, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The Supreme Court of Hawai'i has interpreted the combination of HRAP Rule 4(a)(1) and HRS § 641-1(b) as follows:

-2-

> We have interpreted HRAP Rule 4(a)(1)'s requirement that the notice of interlocutory appeal be filed "within 30 days after the date of entry of the . . . . order appealed from" to mean that . . . [i]t is necessary for a party wanting to take an interlocutory appeal to move for an order allowing the appeal, for the court to enter the order and for the appellant to file the notice of appeal all within 30 days from the filing of the order appealed from, unless the time for appeal is extended pursuant to HRAP Rule 4(a)(5).

State v. Irvine, 88 Hawai'i 404, 406, 967 P.2d 236, 238 (1998) (some emphasis added; citation and block quotation format omitted). "The order appealed from on an interlocutory appeal is not made final, for any purpose, by the allowance of the interlocutory appeal and the time period runs from the entry of the order, not from the allowance of the appeal." King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 335, 741 P.2d 721, 722 (1987) (emphasis added).[1] Thus, for example, we held that we did not have jurisdiction over an appeal from an interlocutory order pursuant to HRS § 641-1(b) when "the court did not enter its written order allowing an interlocutory appeal within thirty days of the entry of the order from which Plaintiffs wished to appeal, despite Plaintiffs' prompt motion for such an order." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311, 9494 P.2d 141, 151 (App. 1997) ("Therefore, we conclude that Plaintiffs' appeal of the [interlocutory] order was untimely and we are without jurisdiction of that appeal.").

---

[1]     With respect to certification of a circuit court's adjudication of one or more but less than all claims for an appeal pursuant to HRCP Rule 54(b), the Supreme Court of Hawai'i has stated that Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994) overruled King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 741 P.2d 721 (1987). Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). However, the holding in Jenkins "does not appear to disturb the holding in King with respect to HRS § 641-1(b)." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311 n.19, 9494 P.2d 141, 151 n.19 (App. 1997).

In the instant case, Dr. Mariani did not file her July 2, 2014 notice of appeal within thirty days after entry of the May 15, 2014 interlocutory order, as HRAP Rule 4(a)(1) required for a timely appeal. Therefore, Dr. Mariani's appeal from the May 15, 2014 interlocutory order is untimely under HRAP Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000919 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 7, 2014.

Chief Judge

Associate Judge

Associate Judge

-4-